**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

Case No. ________________-CV-____________________

UNITED NATIONAL INSURANCE COMPANY,
3 Bala Plaza East
Suite 300
Bala Cynwyd, Pennsylvania 19040,

Plaintiff,

v.

KIWI HOSPITALITY DETROIT, LLC
dba Best Western Premier Southfield
26555 Telegraph Road
Southfield, Michigan 48033,

and

BEST WESTERN INTERNATIONAL, INC.
6201 N. 24th Parkway
Phoenix, Arizona 85016,

and

N.R.,
c/o Kircher Law LLC
312 Walnut Street,
Suite 1600
Cincinnati, Ohio 45202,

Defendants.

**COMPLAINT OF UNITED NATIONAL INSURANCE COMPANY FOR DECLARATORY JUDGMENT**

Plaintiff, United National Insurance Company, ("United National"), by and through its undersigned counsel, brings this action pursuant to Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C. § 2201, *et seq*., and 28 U.S.C. 1332(a)(1) and for its Complaint for Declaratory Judgment, states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this Complaint for Declaratory Judgment seeking a determination of rights and obligations of the parties under an insurance policy issued by Plaintiff to Defendant, Kiwi Hospitality Detroit, LLC, which subject to its terms, conditions, limitations, and exclusions, provided commercial general liability insurance coverage to Kiwi Hospitality Detroit, LLC and to Best Western International, Inc. as an additional named insured.

## JURISDICTION

2. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332(a)(1) in that Plaintiff is a citizen of Pennsylvania and no Defendant is a citizen of Pennsylvania such that complete diversity exists, and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## PARTIES AND VENUE

3. At all relevant times, Plaintiff has been a corporation duly organized and existing under the laws of the State of Pennsylvania, having its principal place of business located at 3 Bala Plaza East, Suite 300, Bala Cynwyd, Pennsylvania 19040. At all relevant times Plaintiff was also registered with the Michigan Department of Insurance and Financial Services and authorized to do business in the State of Michigan as an insurance company.

4. At all relevant times, Defendant Kiwi Hospitality Detroit, LLC has been a Michigan limited liability company doing business as Best Western Premier Southfield.

5. Kiwi Hospitality Detroit, LLC is a citizen of Michigan, its state of formation and the state in which its principal place of business is located, and its members are likewise citizens of Michigan, the state in which they are domiciled.

6. At all relevant times, Defendant Best Western International, Inc. is a corporation with its corporate headquarters in Phoenix, Arizona.

7. Upon information and belief, Defendant N.R., c/o Kircher Law LLC resides in the state of Ohio.

8. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(2) since a substantial part of the events giving rise to this litigation occurred in Oakland County, Michigan, within the geographical limitations of Eastern District of Michigan.

## FACTUAL ALLEGATIONS

9. United National issued a commercial general liability insurance policy, Policy No. L7221544-A (the "Policy") to Kiwi Hospitality Detroit, LLC dba Best Western Premier Southfield with a policy period of June 16, 2020, to June 16, 2021. A true and accurate copy of the Policy is attached hereto as "Exhibit A."

10. On May 3, 2025, N.R. pseudonymously filed a Complaint against Kiwi Hospitality Detroit, LLC dba Best Western Premier Southfield and Best Western International, Inc. *inter aila*, in the United States District Court Southern District of Ohio, Eastern Division, Columbus Office as Case No. 2:25-cv-00486-EAS-EPD (the "underlying action"). A copy of the Complaint filed by N.R. in the underlying action is attached hereto as "Exhibit B".

11. The Complaint filed by N.R. in the underlying action includes the following allegations. (The paragraph numbers below refer to the paragraph numbers in the Complaint.)

> 2. Plaintiff is a survivor of childhood sexual abuse, assault, exploitation and trafficking which was able to be committed hundreds of times over a period of less than two years on the premises of Detroit-area hotels (hereinafter collectively referred to as "Defendant Hotels"), due to and enabled by the willful blindness of those hotels to the criminal misconduct occurring on their properties, their failure to have adequate, if any, security, staffing, or supervision, and/or other misconduct and failures described

herein, in violation of the federal Trafficking Victims Protection Reauthorization Act of 2008, 18 U.S.C. §1591, 1595.

3. Plaintiff brings this action against the named Defendant Hotels, all of whom enabled, empowered, harbored, held, facilitated, benefitted from financially or otherwise, and/or any combination of the foregoing, the child sex trafficking venture in which she was sexually assaulted, trafficked for sex, sexually exploited, and victimized in violation of the Trafficking Victims Protection Reauthorization Act of 2008, 18 U.S.C. § 1591, 1595.
…

7. Plaintiff is an adult female born in year 2004 who, as a minor, was a "victim" of child sex trafficking as protected under (the TVPRA).

8. At all times relevant, Plaintiff was a resident of the State of Ohio who was transported to Michigan where she was sexually assaulted, trafficked for sex, sexually exploited, and victimized.
…

33. In 2020, Plaintiff sought to run away from home and was placed under the supervision of Juvenile Court for supportive services. (Plaintiff would have been ~16 years old.)

34. Unfortunately, an adult male named Derrick Murphy identified Plaintiff's vulnerabilities, snatched her off the streets, and exploited Plaintiff for his personal financial benefit.

35. Murphy beat Plaintiff, demanded videos of her victimization, and imposed quotas for her to fulfill through commercial sex acts with adult men.

36. Throughout much of 2020 and 2021, Plaintiff was trafficked more than 400 times at the Defendant Hotels, often residing for weeks at a time at Defendants' premises.

37. During her stays at the Defendant Hotels, Plaintiff, who appeared to obviously be a minor and unaccompanied most of the time, frequently interacted with hotel front desk staff, management personnel and cleaning employees, and was subjected to adult males coming into and out of her hotel room several times a day, all within the casual observation of hotel staff.

38. Murphy was eventually arrested and successfully prosecuted in the U.S. District Court for the Northern District of Ohio, Case No. 3:23-cr-209 and is serving a term of incarceration of 140 months.

…

> 74. The Hotel Defendants failed to implement and enforce any policies or procedures to protect Plaintiff from being sex trafficked.

…

> 76. Instead, for years, the Hotels have demonstrated willful blindness to the sex trafficking at their motel. [sic]

…

> 78. As a direct and proximate result of the wrongful practices on the part of the Hotel Defendants, Plaintiff has suffered and continues to suffer… and/or has incurred and/or will continue to incur lost wages, lost earning capacity and expenses for medical and psychological treatment, therapy and counseling.

12. The Complaint filed in the underlying case includes two (2) causes of action. The first cause of action is for violation of the Trafficking Victim Protection Reauthorization Act and refers to the standard for civil liability under 18 U.S.C. § 1595(A). (Complaint, ¶ 82.) The second cause of action is brought under the Child Abuse Victim Rights Act, 18 U.S.C. § 2255. (Complaint, ¶ 91 and 92.) The Prayer for Relief seeks an award of damages in excess of $75,000.00 exclusive of costs and interest.

13. As referenced in Paragraph 38 of N.R.'s Complaint, *supra,* Derrick Murphy was eventually successfully prosecuted in the U.S. District Court for the Northern District of Ohio, Case No. 3:23-cr-209.

14. The Information filed in the above-referenced case against Defendant Derrick Murphy was filed on April 13, 2023, and is attached hereto as "Exhibit C".

15. The Information filed against Derrick Murphy includes a single count, Count I, Coercion and Enticement of a Minor, 18 U.S.C. § 2422(b).

16. The Information includes the following charge: From on or about December 13, 2020 to on or about May 6, 2021, in the Northern District of Ohio, Western Division, and elsewhere, Defendant DERRICK MURPHY did knowingly persuade, induce, entice, and coerce a

minor to engage in prostitution and any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, using the mail or any facility of interstate or foreign commerce, in violation of Title 18, United States Code, Section 2422(b).

17. United National is providing a defense to Kiwi Hospitality Detroit, LLC and Best Western International, Inc. in the underlying action under reservation of rights as the policy does not provide coverage for some or all of the claims and damages asserted in the underlying action.

18. If Kiwi Hospitality Detroit, LLC and/or Best Western International, Inc. are found to be liable in the underlying action, United National may be called upon to indemnify either or both of these Defendants for any judgment that may be entered against them in the underlying action.

## INSURANCE POLICY PROVISIONS

19. The Commercial General Liability policy issued by United National to Kiwi Hospitality Detroit, LLC provides coverage for "bodily injury" caused by an "occurrence" where the "bodily injury" occurs during the policy period, as well as the duty to defend the insured against "suit" seeking such damages, subject to the exclusions and other terms of the policy. The policy period is from June 16, 2020, to June 16, 2021. The United National policy referenced above contains the following insuring agreement and provisions:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for

"bodily injury" or "property damage" to which this insurance does not apply.

* * *

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period.

* * *

**SECTION V – DEFINITIONS**

* * *

**3.** "Bodily Injury" means physical injury, sickness, disease, pain or death, and, if arising out of the foregoing, mental anguish, mental injury, shock, humiliation or emotional distress sustained by a person at any time.

* * *

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

The above-referenced policy includes the following endorsement.

ABUSE OR MOLESTATION EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of, in whole or in part:

1. The actual or threatened physical or sexual abuse or molestation or licentious, immoral or sexual behavior intended to lead to or culminating in any sexual act of or by any person while in the care, custody or control of any insured; or

2. The failure of any insured or any person for whom the insured is legally responsible to prevent or suppress any actual or threatened physical or sexual abuse or molestation; or

3. The negligent:

a. employment;

b. investigation;

c. supervision;

d. reporting to the proper authorities, or failure to so report; or

e. retention,

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraph 1. or 2. above.

## FIRST CAUSE OF ACTION (DECLARATORY JUDGMENT)

20. United National re-alleges the averments contained in paragraphs 1 through 20 of the Complaint as if each were fully set forth herein.

21. As previously cited, the Complaint filed in the underlying action alleges that Plaintiff (N.R.) was trafficked at the Defendant Hotel throughout much of 2020 and 2021.

22. The Information filed in the criminal case against Derrick Murphy alleges that his conduct upon which the charges are based occurred "from on or about December 13, 2020, to May 6, 2021…"

23. The time frame from December 13, 2020, to May 6, 2021, falls within the above-referenced United National Policy No. L7221544-A, which has policy dates of June 16, 2020, to June 16, 2021.

24. The allegations of N.R. against Kiwi Hospitality Detroit, LLC and Best Western International, Inc. do not constitute bodily injury caused by an "occurrence" as defined in the policy.

25. The claims of Plaintiff N.R. set forth in her Complaint filed in the underlying action are excluded under the United National policy under the Abuse or Molestation Exclusion.

WHEREFORE, Plaintiff, United National Insurance Company, prays for Declaratory Judgment against Defendants, Kiwi Hospitality Detroit, LLC, Best Western International, Inc., and N.R., as follows:

1. That the rights of all parties hereto under the United National Policy be determined by the Court;

2. For a declaration that the United National Policy does not provide coverage for the claims asserted against Kiwi Hospitality Detroit, LLC and Best Western International, Inc. in the Underlying Action;

3. For a declaration that United National is not obligated to provide a defense to either Kiwi Hospitality Detroit, LLC or Best Western International, Inc. in the Underlying Action; and

4. For all other relief to which United National may be entitled.

Date: May 12, 2026 Respectfully submitted,

*/s/ M. Tyler Hull, Esq.*

M. Tyler Hull, Esq. (Mich. Bar No. P78131)
Rolfes Henry CO., LPA
39555 Orchard Hill Place, Suite 600
Novi, Michigan 48375
T: 734-402-8301
F: 513-579-0222
E: thull@rolfeshenry.com
E: slenzly@rolfeshenry.com

*Attorney for Plaintiff*
*United National Insurance Company*