**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| **UNITED NATIONAL INSURANCE COMPANY,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| **KIWI HOSPITALITY DETROIT, LLC,** | ) | |
| and | ) | Case No. 4:26-cv-11640-FKB-APP |
| **BEST WESTERN INTERNATIONAL, INC.,** | ) | |
| and | ) | |
| **N.R.,** | ) | |
| Defendants. | ) | |

## BEST WESTERN INTERNATIONAL, INC.'s ANSWER, JURY DEMAND, AND CROSSCLAIM

COMES NOW Defendant Best Western International, Inc., (hereinafter, "Defendant" or "Best Western") by and through counsel, for its Answer to Plaintiff United National Insurance Company's ("UNIC's" or "Plaintiff's") Complaint and Crossclaim against Defendant Kiwi Hospitality Detroit, LLC ("KHD").

## PRELIMINARY STATEMENT

1. Defendant denies that Plaintiff is entitled to the declaratory judgment it seeks in this action. Defendant further states that the subject insurance policy speaks for itself. Defendant denies all remaining allegations contained in paragraph 1.

## JURISDICTION

2. Defendant denies that subject matter jurisdiction exists based upon 28 U.S.C. §§ 2201 or 2202, or Fed. R. Civ. P. 57, on the grounds that UNIC's claim for relief is invalid. Defendant does not contest that this Court has personal jurisdiction over it.

**PARTIES AND VENUE**

3. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 and, therefore, denies same.

4. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 and, therefore, denies same.

5. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 5 and, therefore, denies same.

6. Defendant admits that it is a non-profit corporation with its corporate headquarters in Phoenix, Arizona and denies any other allegations contained in paragraph 6.

7. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 and, therefore, denies same.

8. Defendant does not contest the propriety of venue in this Court as alleged in paragraph 8.

**FACTUAL ALLEGATIONS**

9. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 and, therefore, denies same. Defendant further states that the subject insurance policy speaks for itself. Defendant further states that Exhibit A was not filed with the Complaint.

10. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 and, therefore, denies same. Defendant further states that the

Complaint in the underlying case speaks for itself. Defendant further states that Exhibit B was not filed with the Complaint.

11. The underlying Complaint speaks for itself. Defendant denies the allegations in paragraph 11 to the extent that they are inconsistent with the underlying Complaint.

12. The underlying Complaint speaks for itself. Defendant denies the allegations in paragraph 12 to the extent that they are inconsistent with the underlying Complaint.

13. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 and, therefore, denies same.

14. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 and, therefore, denies same. Defendant further states that Exhibit C was not filed with the Complaint.

15. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 and, therefore, denies same.

16. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 16 and, therefore, denies same.

17. Defendant lacks sufficient knowledge or information to admit or deny the portions of paragraph 17 of Plaintiff's Complaint that reference UNIC's defense of KHD. Regarding the portions of paragraph 17 that refer to indemnity or defense provided to Best Western, Defendant admits that UNIC has provided a defense to Best Western but denies that such defense has been undertaken pursuant to a reservation of rights. Best Western has not received a reservation of rights letter from UNIC in connection with the underlying lawsuit. Defendant denies all remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant states that paragraph 18 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant states that UNIC should defend Best Western in the underlying case and indemnify it against any judgment that may be entered against it in the underlying case, pursuant to the subject insurance policy. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 18.

**INSURANCE POLICY PROVISIONS**

19. The insurance policy speaks for itself. Defendant denies the allegations in paragraph 19 to the extent that they are inconsistent with, or incomplete statements of, the policy terms.

**FIRST CAUSE OF ACTION (DECLARATORY JUDGMENT)**

20. Defendant incorporates its responses and denials contained in paragraphs 1 through 19 above.

21. The underlying Complaint speaks for itself. Defendant denies the allegations in paragraph 21 to the extent that they are inconsistent with the underlying Complaint.

22. The Information speaks for itself. Defendant denies the allegations in paragraph 22 to the extent that they are inconsistent with the Information.

23. Defendant admits that the referenced date range falls within the referenced policy period. Defendant denies the remaining allegations contained in paragraphs 23 of Plaintiff's Complaint to the extent that they are inconsistent with the insurance policy.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

WHEREFORE, Defendant Best Western International, Inc., respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, enter judgment in favor of Defendant, award Defendant its attorneys' fees, expenses and costs, and for all other relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff Complaint fails, in whole or in part, to allege an actual controversy or a controversy that is ripe for adjudication.

3. Plaintiff's claims are barred by the doctrines of waiver and estoppel. UNIC has provided a defense to Best Western in the underlying action for over a year without a reservation of rights. UNIC's failure to advise Best Western of the conditions under which it would defend and indemnify Best Western in connection with the underlying lawsuit has prejudiced Best Western. UNIC has waived any right it may have had to withdraw defense or deny indemnity to Best Western in the underlying lawsuit.

4. Plaintiff is not entitled to the relief it seeks because one or more of the policy terms or exclusions upon which it relies are vague, ambiguous, or otherwise unenforceable.

5. Plaintiff's claim to relief is barred by public policy.

6. Defendant reserves its right to amend and/or supplement its affirmative defenses as additional information becomes known throughout investigation and discovery in this matter.

## JURY DEMAND

Best Western demands a trial by jury in this case.

## CROSSCLAIM OF BEST WESTERN INTERNATIONAL, INC. AGAINST KIWI HOSPITALITY DETROIT, LLC

COMES NOW Defendant/Crossclaim Plaintiff Best Western International, Inc. ("Best Western"), by and through counsel, for its Crossclaim against Defendant/Crossclaim Defendant Kiwi Hospitality Detroit, LLC ("KHD").

**NATURE OF THE CROSSCLAIM**

1. This crossclaim arises from certain breaches of contract by KHD, which have caused and continue to cause damage to Best Western. KHD's breaches of its contractual obligations to Best Western include, but are not limited to, KHD's failure to secure a commercial general liability insurance policy that does not contain exclusions for abuse and molestation.

2. KHD further owes a contractual duty to defend and indemnify Best Western from and against the claims asserted in *N.R. v. Best Western International, Inc., et. al,* Southern District of Ohio Case No. 2:25-cv-486 ("the Underlying Lawsuit"), by plaintiff N.R. ("the Underlying Plaintiff"), because Underlying Plaintiff's alleged injuries arise out of KHD's operation of the hotel.

**JURISDICTION**

3. This Court has jurisdiction over this Crossclaim pursuant to 28 U.S.C. § 1367 and Fed. R. Civ. P. 13(g) because it arises out of the same transaction or occurrence that is the subject matter of the original action. This Court also has jurisdiction over this Crossclaim pursuant to 27 U.S.C. §§ 2201 and 2202.

**FACTUAL ALLEGATIONS**

4. Best Western is a hotel brand. Best Western licenses the right to affiliate with its brands to owners of hotels, such as KHD, subject to certain terms and conditions.

5. In September 2019, Best Western and KHD entered into a Membership Agreement, under which KHD assumed certain obligations in exchange for its right to carry a brand owned by Best Western.

6. The Membership Agreement provides the following, in part:

> "THIS AGREEMENT INCORPORATES BY REFERENCE THE TERMS AND CONDITIONS AND ALL INFORMATION PROVIDED IN THE APPLICATION FOR MEMBERSHIP ("APPLICATION") AS PREVIOUSLY SUBMITTED TO BEST WESTERN, THE TERMS OF APPROVAL LETTER, BEST WESTERN'S BYLAWS, RULES AND REGULATIONS, AND ALL OTHER REGULATORY DOCUMENTS…"

7. The Membership Agreement also contains a section titled "Attorneys' Fees," which provides:

> In the event that Member breaches any obligation to Best Western, Member is liable to Best Western for all attorneys' fees, costs and expenses incurred by Best Western in connection with the breach or violation, whether or not suit is filed.

8. At the time KHD and Best Western executed the Membership Agreement, Best Western required KHD pursuant to its Rules and Regulations, which are incorporated into the Membership Agreement, to obtain and maintain insurance, to add Best Western as an additional insured, and that the insurance must be primary to any other policies maintained by Best Western.

9. In addition, Best Western, also required, pursuant to a Board Policy, which is a Regulatory Document also incorporated into the Membership Agreement, in relevant part:

> Insurance requirements for Members, under construction properties, and activated Best Western Branded properties include:
>
> - $6M General/Excess/Umbrella liability coverage.
>     - ***Assault and battery, and abuse and molestation may not be excluded and may not be limited to amounts of less than the $6M…***

(Emphasis added)

10. On January 22, 2020, Best Western's Board of Directors adopted a revised version of the above policy (hereinafter, "the Insurance Rule"), which provided, in relevant part:

> Members and contingently-approved properties (i.e., under construction and conversion properties) upon obtaining and maintaining a Temporary Certificate of Occupancy or Certificate of Occupancy:
>
> - $11M General/Excess/Umbrella liability coverage (increased from $6M, effective the earlier of June 1, 2021 or the date of renewal of the hotel's commercial general liability insurance policy).
>     - ***Assault and battery, abuse and molestation, and carbon monoxide exposure may not be excluded and may not be limited to amounts less than the $11M…***
>
> (Emphasis added)

11. The Insurance Rule, as provided in paragraph 10 above, took effect on June 1, 2020.

12. KHD obtained a commercial general liability insurance policy, Policy No. L7221544-A ("the UNIC Policy"), through UNIC, with a policy period of June 16, 2020, through June 16, 2021. Therefore, at the time the UNIC Policy took effect, the Insurance Rule was also in effect.

13. KHD provided a copy of a Certificate of Insurance to Best Western for the UNIC Policy, which included Best Western as an additional insured and specifically stated and that "Assault and Battery and Abuse and Molestation are not specifically excluded in any of the above policies." See below from the COI:

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
Best Western Premier Detroit Southfield Hotel; KIWI Hospitality Detroit, LLC. 26555 Telegraph Road, Southfield, MI 48033
Member #23171
Best Western International, Inc. is listed as an endorsed additional insured in all of the policies (Primary, Excess, Cyber, Automobile, and Umbrella)
Assault and Battery and Abuse and Molestation are not specifically excluded in any of the above policies. Carbon Monoxide Exposure claims are not excluded and covered in the full extent of Genera, Umbrella and Excess Liability policies.
30 day notice of cancellation prior to expiration of the property's insurance policy. 10 day notice of cancellation for non-payment.

14. Despite KHD's contractual obligations to procure insurance that did not have any exclusions for assault and battery, abuse, and molestation, and despite the COI the KHD provided to Best Western in an effort to demonstrate its compliance with this obligation, UNIC has filed this declaratory judgment action seeking a ruling that UNIC owes no coverage in connection with the underlying lawsuit based on abuse or molestation exclusions.

15. The Membership Agreement also contains a section titled "Relationship of Parties," which provides, in relevant part:

> BEST WESTERN BRANDED HOTELS ARE INDEPENDENTLY OWNED AND OPERATED. BEST WESTERN ONLY PROVIDES SERVICES AS DIRECTED BY THE MEMBERSHIP. BEST WESTERN HAS NO RESPONSIBILITY FOR THE USE, CONDITION, MANAGEMENT, MAINTENANCE, POLICIES, PRACTICES, OR OPERATION OF BEST WESTERN BRANDED HOTELS, NOR THE SAFETY OF THE DESIGN OF ANY STRUCTURE OR PRODUCT. BEST WESTERN HAS NO CONTROL (DIRECT OR INDIRECT) OVER, OR RESPONSIBILITY FOR, ANY DECISION RELATED TO OR AFFECTING THE EMPLOYMENT OR SUPERVISION OF ANY PERSON EMPLOYED AT OR PROVIDING SERVICES IN CONNECTION WITH BEST WESTERN BRANDED HOTELS, INCLUDING BUT NOT LIMITED TO RECRUITMENT; HIRING, TERMINATION; DISCIPLINE/SUPERVISION; PERFORMANCE EVALUATION; PAYROLL; SETTING OF WAGES, SCHEDULES, WORKFLOW, QUALIFICATIONS, OR PRODUCTIVITY; MAINTENANCE OF PERSONNEL RECORDS; THE PROVISION OF EMPLOYMENT BENEFITS; OR THE ASSIGNMENT OF RESPONSIBILITIES.

16. Finally, the Membership Agreement contains a section titled "Indemnification," which provides, in relevant part:

> Member shall indemnify, defend, and hold harmless Best Western and its subsidiaries and affiliates and their respective directors, officers, employees, agents, representatives, insurers, and other Members (hereinafter collectively referred to as "Indemnitees" and

individually referred to as Indemnitee" from any and all claims, demands, suits, actions, proceedings, losses, liabilities, penalties, causes of action, and damages of every kind and description, including but not limited to any attorneys' fees and costs and expenses (hereinafter collectively referred to as "Losses" and individually referred to as "Losses" and individually referred to as "Loss"), whether or not a lawsuit or other type of action is filled, which may be brought, made, alleged, or claimed by a third party arising out of (or contributed to, in whole or in part, by reason of) any alleged act, omission, fault, mistake, wrongdoing, or negligence of Member or its directors, officers, employees, agents, representatives, or contractors, in connection with, relating to, or incident to the use, condition, or operation of the Property. For the avoidance of doubt,, this shall include but is not limited to Losses arising out of, in connection with, relating to, or incident to: (a) Member's (or its directors', officers', employees', agents', representatives', or contractors') failure to comply with applicable law; (b) workers' compensation claims, unemployment disability compensation claims, or discrimination or other employment-related claims of employees or contractors of Member; (c) breach of contract claims, data privacy claims, PCI-DSS claims, consumer deception claims, or tort claims; and (d) infringement related to intellectual property rights (e.g., patent, trademark, copyright). Member shall not settle any Loss against an Indemnitee without the Indemnitee's prior written consent.

17. In the Underlying Lawsuit, the Underlying Plaintiff has alleged that both KHD and Best Western are liable for conduct that arises out of KHD's operation of the hotel. Specifically, the Underlying Plaintiff alleged that the defendants breached their duties in the following ways:

a. Did not adequately distribute information to assist employees in identifying human trafficking;
b. Failed to provide a process for escalating human trafficking concerns;
c. Failed to mandate that all managers, employees, and owners attend training related to human trafficking;
d. Failed to provide new hire orientation material/information on human rights and corporate responsibility;

e. Failed to provide training and education on human trafficking through webinars, seminars, conferences, and online portals;
f. Failed to develop, hold, or require ongoing training sessions on human trafficking; and/or
g. Failed to provide checklists, escalation protocols and information to property management staff or tracking performance indicators and key metrics on human trafficking prevention.

18. The Underlying Plaintiff has asserted causes of action against Best Western and KHD pursuant to two federal statutes.

19. To the extent any party had any duty alleged by the Underlying Plaintiff, such duties were assumed, in whole or in part, by KHD pursuant to the "Relationship of Parties" section of the Membership Agreement, and KHD has a duty to defend, indemnify, and hold Best Western harmless for any such alleged conduct.

**COUNT I – BREACH OF CONTRACT**

20. Best Western incorporates by reference all preceding paragraphs in its Crossclaim.

21. The Membership Agreement between KHD and Best Western was a valid and enforceable contract.

22. The Membership Agreement incorporated Best Western's Bylaws, Rules and Regulations, and all other Regulatory Documents, including policies adopted by Best Western's Board of Directors.

23. Best Western's Board of Directors adopted the Insurance Rule effective June 1, 2020, at which point it became incorporated into the Membership Agreement.

24. The express terms of the Insurance Rule required Best Western to secure a commercial general liability insurance policy that did not include exclusions for, among other things, assault, battery, abuse, and molestation.

25. KHD submitted a Certificate of Insurance to Best Western for the Policy Period of June 16, 2020 to June 16, 2021, that represents that KHD had procured insurance that did not exclude assault and battery, abuse, and molestation and had named Best Western as an additional insured on those policies.

26. KHD obtained the UNIC Policy effective June 16, 2020, which appears to contain an "Abuse or Molestation" exclusion.

27. KHD's failure to obtain a commercial general liability insurance policy that does not contain an exclusion for abuse or molestation was a breach of the Membership Agreement.

28. Best Western has been damaged by KHD's breach of the Membership Agreement because UNIC has invoked an Abuse or Molestation exclusion in the UNIC Policy in an attempt to deny defense and indemnity to Best Western in connection with the Underlying Lawsuit.

29. Should UNIC be found not to owe a defense or indemnity to Best Western in connection with the Underlying Lawsuit because of an Abuse or Molestation Exclusion, Best Western is entitled to a defense and indemnity from KHD.

30. In addition to KHD owing a defense and indemnity to Best Western in the Underlying Lawsuit as a result of KHD's breach of the Insurance Rule, Best Western is entitled to all attorneys' fees it has expended in this matter because the existence of this case is directly attributable to UNIC's breach of the Membership Agreement.

WHEREFORE, for the foregoing reasons, Crossclaim Plaintiff Best Western International, Inc., prays that this Court enter judgment in its favor and against Crossclaim Defendant Kiwi Hospitality Detroit, LLC, and award Crossclaim Plaintiff all attorneys' fees, costs, and expenses incurred in this action, and for all other relief this Court deems just and proper.

**COUNT II – DECLARATORY JUDGMENT**

31. Best Western incorporates by reference all preceding paragraphs in its Crossclaim.

32. Under the Membership Agreement, KHD acknowledged and agreed that Best Western "has no responsibility for the use, condition, management, maintenance, policies, practices, or operation of Best Western branded hotels, nor the safety of the design of any structure or product." KHD further acknowledged and agreed that "Best Western has no control (direct or indirect) over, or responsibility for, any decision related to or affecting the employment or supervision of any person employed at or providing services in connection with Best Western branded hotels, including but not limited to recruitment; hiring, termination; discipline/supervision; performance evaluation; payroll; setting of wages, schedules, workflow, qualifications, or productivity; maintenance of personnel records; the provision of employment benefits; or the assignment of responsibilities."

33. Under the Membership Agreement, KHD also agreed to indemnify, defend, and hold harmless Best Western for any claims "arising out of (or contributed to, in whole or in part, by reason of) any alleged act, omission, fault, mistake, wrongdoing, or negligence of [KHD]… in connection with, relating to, or incident to the use, condition, or operation of the Property." This includes, but is not limited to, "Losses arising out of, in connection with, relating to, or incident to: (a) [KHD's] failure to comply with applicable law."

34. Because the Underlying Plaintiff alleged that their damages arise out of, in connection with, relating to, or incident to KHD's failure to comply with applicable law, the Membership Agreement requires KHD to defend, indemnify, and hold harmless Best Western from and against all claims, demands, suits, actions, proceedings, losses, liabilities, penalties, causes of action, and damages of every kind and description, that Best Western has incurred or will incur in connection with the Underlying Lawsuit.

35. By virtue of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist between the parties to the Membership Agreement in connection with the Underlying Lawsuit.

WHEREFORE, for the foregoing reasons, Crossclaim Plaintiff Best Western International, Inc., prays that this Court enters judgment in its favor, declaring:

A. That the Membership Agreement requires KHD to defend Best Western in connection with the underlying action;

B. That the Membership Agreement requires KHD to indemnify Best Western in connection with the underlying action;

C. That the Membership Agreement otherwise requires that KHD hold Best Western harmless against any loss that it may incur in connection with the underlying action; and

D. For such other and further relief that this Court deems just, proper, and equitable.

**CROSSCLAIM PLAINTIFF'S JURY DEMAND**

Best Western demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ *Zachary G. Stillman*
One of the Attorneys for Defendants

Zachary G. Stillman (P87670)
**LITCHFIELD CAVO LLP**
303 West Madison, Suite 300
Chicago, IL 60606
Stillman@LitchfieldCavo.com
(312) 781-6672 (Stillman)
Blaine P. Smith (pending admission)
**LITCHFIELD CAVO LLP**

10401 Holmes Rd, Ste 220
Kansas City, MO 64131
SmithB@LitchfieldCavo.com
(816) 648-1408 (Smith)

*/s/ Yosef C. Klein*_____
One of the Attorneys for Defendants
YOSEF C. KLEIN (P79808)
RICH, CAMPBELL & ROEDER, PC
32783 Middlebelt Road
Farmington Hills, Michigan 48334
(248) 406-8000 / (248) 406-8001 – fax
yklein@rcrfirm.com
jenna@rcrfirm.com (Asst.)