**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

Case No. 4:26-CV-11640-FKB-APP

UNITED NATIONAL INSURANCE COMPANY,

Plaintiff,

v.

KIWI HOSPITALITY DETROIT, LLC,
et al.,

Defendants.

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff, United National Insurance Company ("United National"), by and through its undersigned counsel, submits this Response to the Court's September 25, 2026 Order directing Plaintiff to show cause why this action should not be dismissed for failure to prosecute under Eastern District of Michigan Local Rule 41.2.

Plaintiff has actively prosecuted this action and has made repeated, diligent efforts to serve Defendant Kiwi Hospitality Detroit, LLC ("Kiwi Hospitality"). Those efforts were complicated by Kiwi Hospitality's departure from its listed business address and the absence of a current address in publicly available records. Plaintiff recently located a residential address for Kiwi Hospitality's registered agent and promptly initiated service at that address. Plaintiff therefore respectfully requests that the Court discharge the Order to Show Cause, decline to dismiss this action, and extend the time for service by thirty (30) days, through November 6, 2026.

## BACKGROUND AND SERVICE EFFORTS

1. On or about July 31, 2026, Plaintiff provided the summons and Complaint to its process-service vendor with instructions to serve Kiwi Hospitality at 26555 Telegraph Road, Southfield, Michigan 48033, the address then available to Plaintiff.

2. On August 5, 2026, the process server attempted service at that address. The server was advised that the property was under new ownership and was operating as a Radisson hotel. The process server therefore reported that the address was no longer valid for Kiwi Hospitality.

3. Plaintiff thereafter sought updated contact information for Kiwi Hospitality. On August 25, 2026, Plaintiff's representative provided defense counsel with a courtesy copy of the summons and Complaint and requested any current address or contact information that could assist with service.

4. After receiving no immediate response, Plaintiff followed up by email on September 2, 2026, and telephoned defense counsel.

5. On September 16, 2026, defense counsel responded that Kiwi Hospitality could be served at 26555 Telegraph Road and identified its statutory agent as Rakesh Sharma. That was the same business address where the process server had already been advised that Kiwi Hospitality no longer operated.

6. On September 30, 2026, Plaintiff informed defense counsel that service had already been attempted at the Telegraph Road address and that the server had been advised that the property was owned by another entity. Plaintiff again requested an alternative address.

7. Later that day, defense counsel advised that the Telegraph Road address was the only address available to counsel.

8. During this period, Plaintiff independently searched the Michigan Secretary of State's online records and multiple other publicly available sources for an updated address for Kiwi Hospitality and its registered agent. Those searches continued to identify the former Telegraph Road address and did not provide a viable new address for service.

9. After those public-record searches proved unsuccessful, Plaintiff searched a commercial legal-research database and located a residential address for Rakesh Sharma, Kiwi Hospitality's registered agent, at 423 Tuam Street, Houston, Texas 77006.

10. Plaintiff promptly retained a process server to attempt service at the newly located address. The process server attempted service there on September 30, 2026, at approximately 6:46 p.m. After knocking for approximately five minutes, the server received no response.

11. The process server returned on October 1, 2026, at approximately 5:20 p.m. The server again knocked multiple times but received no response.

12. As of October 5, 2026, there have been no additional service attempts to the Houston address. However, the process server will continue attempts until service is completed.

13. Plaintiff remains prepared to pursue additional service attempts at different times and by any other method authorized by Federal Rule of Civil Procedure 4 and applicable state law.

## GROUNDS FOR RELIEF

Federal Rule of Civil Procedure 4(h) authorizes service on a limited liability company through the methods specified in the Rule, including service on an officer, managing or general agent, or another agent authorized to receive service. Plaintiff has diligently attempted to identify and serve Kiwi Hospitality and its registered agent through those authorized means.

Federal Rule of Civil Procedure 4(m) permits the Court to extend the time for service. Good cause exists here because Plaintiff timely engaged a professional process server, attempted service at Kiwi Hospitality's listed business address, sought updated information from defense counsel, searched governmental and other publicly available records, located a residential address for the registered agent through further research, and promptly arranged additional service attempts at that address.

Plaintiff has not abandoned this action or failed to prosecute it. The delay in completing service resulted from Kiwi Hospitality's apparent departure from its listed business address and the difficulty of locating a current address, not from inaction by Plaintiff. Plaintiff has continued its service efforts and intends to complete service as promptly as possible.

Dismissal under Local Rule 41.2 or Federal Rule of Civil Procedure 41(b) is therefore unwarranted. An extension under Rule 4(m) will allow Plaintiff to complete service without prejudice against any party.

## **REQUESTED RELIEF**

For these reasons, Plaintiff respectfully requests that the Court:

1. Discharge the September 25, 2026 Order to Show Cause;

2. Decline to dismiss this action for failure to prosecute;

3. Extend Plaintiff's deadline to serve Kiwi Hospitality by thirty (30) days, through November 6, 2026; and

4. Grant any other relief the Court deems appropriate.

Date: October 6, 2026

Respectfully submitted,

*/s/ M. Tyler Hull, Esq.*
M. Tyler Hull, Esq. (Mich. Bar No. P78131)

ROLFES HENRY CO., LPA
39555 Orchard Hill Place, Suite 600
Novi, Michigan 48375
T: 734-402-8301
F: 513-579-0222
E: thull@rolfeshenry.com
E: slenzly@rolfeshenry.com

*Attorney for Plaintiff*
*United National Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing Response to Order to Show Cause was electronically filed through the Court's Electronic Case Filing System (CM/ECF) on October 6, 2026, and notice has been sent to all registered parties, per Civil Rule 5(b)(2)(E).